# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

WILLIAM L. APGAR, JR.,

       Appellant,

v.

                                              Case No. 5:21-mc-17-JA

UNITED STATES OF AMERICA,

       Appellee.

---

## OPINION

This is Defendant William Apgar, Jr.'s second appeal of his sentence for the petty offense of disorderly conduct at a Veterans Affairs facility, a violation of 38 C.F.R. § 1.218. In 2022, this Court vacated the initial sentence imposed by the magistrate judge—a $500 fine—after determining that the maximum fine for this offense is $250. Upon remand and resentencing, the magistrate judge assessed a $210 fine, a $10 special assessment, and a $30 processing fee— a total of $250. Apgar now appeals that sentence, arguing that it is substantively unreasonable.

This Court has jurisdiction over this appeal under 18 U.S.C. § 3402. Having reviewed the record and considered the parties' arguments, the Court affirms the amended judgment against Defendant.

## I. Background[1]

Defendant was issued a violation notice charging him with engaging in disorderly conduct at the Villages Outpatient VA Clinic in The Villages, Sumter County, Florida, on September 29, 2020. In May 2021, a magistrate judge conducted a bench trial during which Defendant represented himself. Several trial witnesses described Defendant's behavior on September 29 as including banging loudly on a door and yelling, screaming, and cursing at a VA police officer "at the top of his lungs" both inside the building and after he was escorted outside. At the conclusion of the trial, the magistrate judge found Defendant guilty and fined him $500.

Defendant, through counsel, immediately appealed to this Court. In that first appeal, Defendant raised three issues: (1) insufficiency of the evidence; (2) failure to post the applicable regulations on the property; and (3) excessiveness of the fine. The Court rejected Defendant's first two arguments but agreed with Defendant that the $500 fine imposed by the magistrate judge exceeded the $250 maximum fine prescribed in 38 C.F.R. § 1.218(b)(11). The Court remanded for resentencing.

The magistrate judge resentenced Defendant on June 28, 2023. Counsel for the Government—noting this Court's ruling that the maximum fine is $250

---

[1] The facts of this case are detailed in the Court's prior Opinion (Doc. 22) and will only briefly be recounted here.

and attempting to avoid "creat[ing] any further issues at all," (Doc. 54 at 4)—requested a $210 fine, a $10 special assessment, and a $30 processing fee, for a total of $250. (*Id.* at 4–5). Defense counsel then argued mitigating factors, including Defendant's military service, trauma Defendant suffered while in the military, and the fact that Defendant had had no further incidents while continuing to visit VA facilities during the nearly three years since the September 2020 incident. (*Id.* at 5–6). Defense counsel concluded by stating: "I don't think that the Government's recommendation is unreasonable. However, I would ask the Court, in light of these circumstances, to consider imposing a lesser fine." (*Id.* at 7). The magistrate judge then imposed the sentence requested by the Government. (*Id.* at 9; *see also* Amended Judgment, Doc. 39).

Defendant again appeals to this Court. (Doc. 42). Although the $250 was due in full immediately, (*see* Doc. 54 at 9, Doc. 39 at 3), this Court granted Defendant's Unopposed Motion to Stay Sentence (Fine) Until the Appeal is Completed, (*see* Mot., Doc. 45; Order, Doc. 48).

## II.  Standard of Review

"The scope of th[is] appeal [from a magistrate judge's judgment] is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Fed. R. Crim. P. 58(g)(2)(D); *see also* 18 U.S.C. § 3742(h). Courts typically review the substantive reasonableness of the sentence "under a

deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *accord United States v. Daniels*, 91 F.4th 1083, 1093 (11th Cir. 2024). "The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the [18 U.S.C. ]§ 3553(a) factors." *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). A reviewing court "will not reverse a sentence unless [it is] left with the definite and firm conviction that the [sentencing] court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Johnson*, 803 F.3d 610, 618–19 (11th Cir. 2015) (quoting *United States v. Overstreet*, 713 F.3d 627, 636 (11th Cir. 2013)).

"Where a defendant raises a sentencing argument for the first time on appeal, [the court] review[s] for plain error." *United States v. Aguillard*, 217 F.3d 1319, 1320 (11th Cir. 2000). "To establish plain error, a defendant must show there is (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, [the reviewing court] may exercise [its] discretion to recognize a forfeited error, but only if the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005) (last alteration in original) (citation omitted) (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)). An error is plain if "it is contrary to explicit statutory provisions or to on-point

precedent [of the Eleventh Circuit] or the Supreme Court." *United States v. Schultz*, 565 F.3d 1353, 1357 (11th Cir. 2009).

## III. Discussion

Defendant's only argument in this second appeal is that the fine imposed by the magistrate judge is substantively unreasonable. The Court finds no error and will affirm the amended judgment entered by the magistrate judge.

### A. The Magistrate Judge Did Not Impose "The Maximum Fine Allowed By Law" As Argued By Defendant

Although Defendant acknowledges that the magistrate judge "imposed a fine of $210, a special assessment of $10, and a processing fee of $30, for a total amount of $250," he then argues that he "was sentenced to pay the maximum fine allowed by law." (Doc. 58 at 13–14; *see also id.* at 15 ("[T]he sentencing court imposed a sentence at the maximum allowed by law ($250 total with fine and costs)."); *id.* at 16 (again referring to "sentence at the maximum"); *id.* at 17–18 ("sentence at the maximum allowed by law"); *id.* at 18 ("[T]he sentencing court imposed the maximum fine allowed by law . . . .")). This is not accurate.

As this Court determined in Defendant's first appeal, the maximum fine under 38 C.F.R. § 1.218 for Defendant's offense is $250—$40 more than the $210 fine imposed against Defendant. Although Defendant was also ordered to pay a $10 special assessment and a $30 processing fee—bringing the total to $250—these are not part of the fine prescribed by 38 C.F.R. § 1.218(b)(11). The

Government aptly points out in its brief that each amount assessed by the magistrate judge is authorized (or mandated) by or pursuant to a separate regulation or statute. *See* 38 C.F.R. § 1.218(b)(11) ($250 fine for disorderly conduct in a VA facility); 18 U.S.C. § 3013(a)(1)(A)(ii) (requiring courts to assess a special assessment of $10 against individual defendants for class B misdemeanors); 28 U.S.C. § 1914 (requiring district court clerks to collect fees prescribed by the Judicial Conference of the United States); *Dist. Ct. Miscellaneous Fee Schedule*, https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule (last visited Aug. 8, 2024)[2] (setting processing fee of $30 "for an offense charged on a federal violation notice"). To borrow a phrase from the Government's brief, it would "belie[] common sense" for the Court to conclude that the maximum fine amount in 38 C.F.R. § 1.218(b)(11) includes a Congressionally-mandated $10 special assessment or a separately-authorized $30 district court processing fee. In sum, $250 is the maximum aside from the special assessment and processing fee, and Defendant, who was fined $210, did not receive "the maximum fine allowed by law."

### B. Defendant Did Not Preserve the Issue of the Reasonableness of the Fine

The Government argues that Defendant did not preserve his argument

---

[2] The fee schedule is also listed in the annotated version of the United States Code immediately following 28 U.S.C. § 1914.

about the reasonableness of the fine because he did not "raise that point in such clear and simple language that the trial court may not misunderstand it." (Doc. 63 at 8 (quoting *United States v. Ramirez-Flores*, 743 F.3d 816, 824 (11th Cir. 2014))). The Court agrees with the Government.

At Defendant's resentencing, the Government requested the sentence that the magistrate judge ultimately imposed—a $210 fine, a $10 special assessment, and a $30 processing fee. (*See* Doc. 54 at 4–5). Defense counsel then argued mitigating factors before stating: "I don't think that the Government's recommendation is unreasonable. However, I would ask the Court, in light of these circumstances, to consider imposing a lesser fine." (*Id.* at 7).

Defendant argues that counsel's request for a lesser fine was sufficient to preserve the issue of the reasonableness of the sentence, relying on *Holguin-Hernandez v. United States*, 589 U.S. 169 (2020). In *Holguin-Hernandez*, the Supreme Court held that a defendant preserved the issue of reasonableness where he "advocate[d] for a sentence shorter than the one ultimately imposed." 589 U.S. at 173. But in the case at bar, defense counsel affirmatively stated that he didn't "think that the Government's recommendation [wa]s unreasonable" and then requested leniency by asking the magistrate judge to "consider imposing a lesser fine." (Doc. 54 at 7). This is not the same as expressing to the magistrate judge the "view that a longer sentence is 'greater

than necessary.'" 589 U.S. at 175. Thus, Defendant did not preserve this issue for appeal, and the Court need only review for plain error.

### C. Even If Defendant Had Preserved The Issue, the Sentence is Not Substantively Unreasonable

Nevertheless, because Defendant's argument fails whether reviewed for abuse of discretion or plain error, the Court will assume he preserved it and review the substantive reasonableness of the sentence for abuse of discretion. Even under this more defendant-friendly standard, Defendant has not established that the $210 fine imposed against him was substantively unreasonable because the Court is not "left with the definite and firm conviction that the [sentencing] court committed a clear error of judgment in weighing the § 3553(a) factors." *Johnson*, 803 F.3d 610 at 619 (quoting *Overstreet*, 713 F.3d at 636.

"The sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case. The judge sees and hears the evidence, makes credibility determinations, and has full knowledge of the facts and gains insights not conveyed by the record." *Gall*, 552 U.S. at 51 (quoting amicus brief). "The sentencing judge has access to, and greater familiarity with, the individual case and the individual defendant before him than the . . . [reviewing] court." *Id.* at 51–52 (quoting *Rita v. United States*, 551 U.S. 338, 357–58 (2007)). This is especially true here, where the magistrate judge

presided over the bench trial and assessed the facts both as to guilt and at the sentencing phase.

Defendant argues that "[t]he sentencing court failed to afford consideration to relevant factors due significant weight and/or committed a clear error of judgment in considering—or failing to consider—the proper factors by ignoring or unreasonably discounting [Defendant]'s military service, his mental health issues, and the connection between his prior trauma while in the military and his offense of nonviolent disorderly conduct at the VA clinic." (Doc. 58 at 15–16). But under the totality of the circumstances, the Court finds no abuse of discretion by the magistrate judge. *See, e.g., United States v. Snipes*, 611 F.3d 855, 873 (11th Cir. 2010) (concluding that mitigating factors did "not compel the conclusion that the sentence crafted in accordance with the 18 U.S.C. § 3553(a) factors was substantively unreasonable"). The sentence is not substantively unreasonable.

## IV. Conclusion

The amended judgment (Doc. 39) is affirmed.

**DONE** and **ORDERED** on August 8, 2024.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record